Pearson, J.
 

 We concur with bis Honor. Suppose there was
 
 bona fides
 
 in tbe transactions, by which Sikes, with tbe consent of Roach, conveyed tbe land to Parris, and took in payment therefor, a note of $50, due by Roach to Parris; then Roacb bad no further interest in the land: it belonged to Parris, and be became tbe owner of tbe mare, for which be gave tbe land in exchange.
 

 Or,' suppose there was
 
 mala fides,
 
 (which is tbe view of tbe case as presented to tbe jury,) and that Roacb, when be paid for the land, had the title made to Sikes, for tbe purpose of defrauding creditors; and afterwards, with tbe same fraudulent intent, shifted tbe title into tbe bands of Par-ris, and to cover tbe transfer, concocted tbe note to serve as the ostensible consideration, paid by Parris, who, in fraud of creditors, held the land on a secret trust for Roach; and that, with' bis consent, he exchanged tbe land for ¿he mare and held her on tbe same seeret trust; Roacb had no interest which could be sold under executions, either by force of the Statute of Elizabeth, or of tbe
 
 *59
 
 act of 1812. This is settled. Rhem v. Tull, 13 Ired. 57. Page v. Goodman, 8 Ired. Eq. 16. It is true, the subject in tírese cases, was land; but there is no distinction between land and personal property in this particular.
 

 The Statutes above referred to put both species of property on the same footing, and a case ’ like the present does not come within the operation of either.
 

 Judgment affirmed.